IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| SEAN AUSTIN BEST,<br><br>            Plaintiff,<br><br>      v.<br><br>FNUK STEEDLEY; and FNUK GRINDER,<br><br>            Defendants. | CIVIL ACTION NO.: 5:20-cv-110 |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

### PLAINTIFF'S CLAIMS[1]

Plaintiff asserts he spoke with Defendants Steedley and Grinder about which rooms he wished to be placed in because he was gang affiliated. Doc. 1 at 5. Plaintiff claims an available cell had a Muslim cellmate already, but the Muslim cellmate only wanted to share a cell with another Muslim. Id. Therefore, Defendant Grinder had another Muslim inmate move to the

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

open cell.  Id.  Defendant Grinder then put Plaintiff in a cell with another gang-affiliated inmate.  Id.  Plaintiff's new cellmate attacked him and cut his face and stomach with a razor.  Id. at 8.  Defendant Grinder sprayed pepper spray into the cell and instructed the cellmate to stop.  Id.  Defendant Grinder left and came back with additional staff.  Id.  Plaintiff seeks declaratory relief and compensatory and punitive damages.  Id. at 9.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

### I.   Defendant Steedley

Plaintiff only states he discussed which rooms he could potentially be placed in with Defendant Steedley.  Doc. 1 at 5.  Plaintiff does not mention Defendant Steedley further in his Complaint and does not allege Defendant Steedley had any role in placing him in this specific cell.  Plaintiff has not alleged any action taken by Defendant Steedley violated his constitutional rights.  Therefore, Plaintiff has not stated sufficient factual matter to state a plausible claim against Defendant Steedley.  Ashcroft, 556 U.S. at 678.

### II.   Defendant Grinder

Not every injury inflicted by an inmate against another translates to a constitutional violation against prison officials.  Marbury v. Warden, 936 F.3d 1227, 1233 (11th Cir. 2019).  "To establish a § 1983 claim for deliberate indifference, a plaintiff must show '(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'"  Id. (quoting Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016)).  The second element "has both a subjective and objective component."  Id.  In other words, the prison official must both be aware of facts that could create a substantial risk of serious harm and draw an inference from those facts that the particular inmate is at risk.  Id.  For this reason, a mere "negligent failure to protect an inmate from attack" is insufficient to impose § 1983 liability on a prison official.  Id. at 1238.

At most, Plaintiff's claim against Defendant Grinder amounts to a negligent failure to protect him.  Plaintiff does not allege Defendant Grinder knew of any substantial risk of serious

harm when he placed Plaintiff in the cell.  Plaintiff also states Defendant Grinder responded to assist once he realized the cellmate was attacking Plaintiff.  Doc. 1 at 8.  Thus, Plaintiff has not stated a plausible claim against Defendant Grinder.

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

5

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 6th day of April, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA